BLANCHE, Judge.
Defendant, Dean R. Smith, contracted with plaintiff, Badon’s Employment, Inc., to obtain their professional services in securing employment for him. Thereafter, he was called by the agency and directed to Dow Chemical Company in Plaquemine, Louisiana, to be interviewed for a job. Before going to Dow, he was directed to stop by the agency and sign a referral slip. This “Referral Acceptance” stated that Smith was being referred for “an interview with Dow Chemical Company for the purpose of negotiation and procuring employment.” The Referral Acceptance also obligated Smith to pay the employment fee agreed upon should he accept a position with the company within six months. Smith went to Dow but was not interviewed. However, he did fill out an application and was subsequently interviewed and employed as a lab technician. After his employment, he learned from his employer that the agency had not arranged his interview because Dow did their own hiring and did not use the services of an employment agency. Smith then refused to pay the employment agency’s fee because he considered that they had done nothing to obtain his employment. This suit for collection of the agency’s fee followed.
The trial judge found that the agency was “the procuring cause” of Smith’s employment and rendered judgment against Smith in the sum of $891.00 for their fee, plus 25 percent as attorney’s fees. From the foregoing judgment, Smith has perfected this appeal. We affirm.
The trial judge correctly found that the agency’s efforts resulted in Smith’s employment with Dow. Albeit the agency had no specific order from Dow, their employee found out that Dow would be hiring; and with this information which she had purposefully secured, she called Smith and directed him to Dow. It is a fact that Smith would not have been employed except for the efforts of the agency’s employee. This, we believe, complies with the contractual provision that obligated Smith to pay a fee if his employment resulted either directly or indirectly through their professional services.
It is argued that the contract between Smith -and the agency, taken as a whole, contemplates more than a mere referral by the agency to make application to an em *322 ployer from whom they had no order of employment. We agree that the contract supports the interpretation that the agency would arrange for specific interviews for their clients with employers from whom they had an order or request for employment. It also contemplates that they would seek employment for Smith with employers who were looking specifically for a man with his qualifications. Likewise, we believe it contemplates the agency’s advising Smith of employment leads with employers from whom they had no specific order or request for employment. We, therefore, reject the defendant’s argument that the agency did not fulfill its obligations under the contract entered into with Smith.
Lastly, it is argued, and correctly so, that the agency violated the proscription of LSA-R.S. 23:118(6) and is, therefore, not entitled to its fee. That section provides:
“An employment agency shall not engage in any of the following activities or conduct:
* * * * sk *
“(6) Direct an applicant to an employer for the purpose of obtaining employment without having first obtained a bona fide order therefor; however, a qualified applicant may be directed to an employer who has previously requested that he regularly be accorded interviews with applicants of certain qualifications. Likewise an employment agency may attempt to sell the services of an applicant to an employer from whom no order has been received as long as this fact is told to the applicant before he is directed to the employer.”
We have searched the statutes and find that there is no such penal provision as contended by defendant to authorize our holding that the penalty for a violation of the statute would result in forfeiture of the fee. We have, however, noted that LSA-R.S. 23:113 provides that for any violation or failure to comply with any of the provisions of the statute, the commissioner of labor and/or the council, if so delegated by him, may levy a fine against such agency or suspend the license for a period of not more than one year or revoke the license. Accordingly, no private remedy is available to defendant by virtue of conduct proscribed by the statute.
For the above and foregoing reasons, the judgment of the trial court is affirmed, at appellant’s cost.
AFFIRMED.