[1] This is a suit by plaintiff, Badon's Employment, Inc., against defendant, Dean R. Smith, to recover a fee for services rendered by plaintiff in procuring employment for defendant pursuant to a written contract between the parties. The amount of the claim is $891, together with legal interest thereon from date of judicial demand until paid, plus twenty-five percent as attorney fees and all costs of the proceedings.
[2] On October 21, 1975, defendant, a college graduate with a degree in zoology, contracted plaintiff about securing employment for him as a biological or chemical laboratory technician. The parties entered into a written contract in which plaintiff agreed to secure employment for defendant in return for which defendant agreed to pay a fee in accordance with a fee schedule contained in the contract should he accept employment to which plaintiff had referred him directly or indirectly within six months of referral. The contract further provided that, if any section of the contract was in conflict with the Louisiana Private Employment Agency Law or rules and regulations established thereunder, then the provisions of law and rules were to govern.
[3] On the following day, Sheron Graham, one of plaintiff's employees, telephoned the personnel department of Dow Chemical Company and learned that the company was engaged in hiring. However, the record clearly reflects that plaintiff had not obtained a bona fide job order from Dow Chemical Company nor had the company directed plaintiff to regularly accord interviews to the company with applicants of defendant's qualifications. In fact, evidence adduced at trial revealed that the employment policy of Dow Chemical Company was not to secure job applicants through employment agencies but rather to recruit on a first come, first serve basis. Nevertheless, acting on this information, Mrs. Graham directed defendant to Dow Chemical Company to fill out an application for job employment. She did not, however, inform defendant of her attempt to sell his services to Dow Chemical Company without having first obtained a bona fide order therefor. Prior to proceeding to Dow Chemical Company, defendant was instructed to come by the agency and to sign a referral acceptance form. This form which *West Page 1286 
was executed by defendant stated that, "On October 24, 1975 Badon's Employment, Inc. sent the undersigned, Dean R. Smith for an interview with Dow Chemical Company for the purpose of negotiation and procuring employment." Defendant then proceeded to Dow Chemical Company under the mistaken belief that plaintiff had arranged for an interview for him for a specific position of employment with the company. Shortly after filling out a job application with the company, he was given an interview and offered a position as a laboratory technician at an annual salary of $9,900, which he accepted. After subsequently discovering that defendant had been employed by Dow Chemical Company, plaintiff demanded payment of nine percent of defendant's annual salary ($891) as its fee for services rendered in obtaining employment for defendant pursuant to the terms of the written contract entered into between the parties. Upon defendant's refusal to pay the fee, plaintiff instituted the present suit.
[4] Based on the foregoing facts, the district court concluded that plaintiff was "the procuring cause" of defendant's employment with Dow Chemical Company and accordingly rendered judgment in favor of plaintiff as prayed. Defendant appealed.
[5] The court of appeal found that the services rendered by plaintiff did result in defendant's employment with Dow Chemical Company; therefore, under the terms of the contract between the parties, defendant was obligated to pay to plaintiff the fee stipulated therein. The court further determined that, although plaintiff had violated the proscription of the Louisiana Private Employment Agency Law, particularly La.R.S. 23:1180(6), such violation did not prevent plaintiff from collecting its fee. In so ruling, the court interpreted the Louisiana Private Employment Agency Law as imposing purely administrative sanctions for violations of its provisions and as affording no private remedy to a defendant by virtue of an employment agency's conduct proscribed by the statute. Accordingly, it affirmed the judgment of the district court.[1] We granted certiorari to review the correctness of this decision.[2]
[6] La. Civil Code art. 12 states that "[w]hatever is done on contravention of a prohibitory law, is void, although the nullity be not formally directed." Statutory rules may be either suppletive or imperative. A suppletive rule applies only if those affected by it have not excluded its application. On the other hand, rooted in public policy considerations, an imperative rule is applied without regard to the intention of the individuals concerned. A prohibitory law, as mentioned in article 12, is one that is cast in the imperative form, but exhibits a negative, rather than a positive, command. E. L. Burns Co., Inc. v.Cashio, 302 So.2d 297 (La. 1974). If a party's conduct contravenes a prohibitory law, pursuant to La. Civil Code art.12, it is void and produces no legal consequences.
[7] The issue presented for our determination is whether plaintiff's conduct in procuring defendant's employment with Dow Chemical Company violated a prohibitory law which, under La. Civil Code art. 12, would thereby prevent recovery by plaintiff of a fee for services rendered in securing employment for defendant.
[8] The Louisiana Private Employment Agency Law, La.R.S.23:101 et seq., is a comprehensive legislative scheme pertaining to the licensing and regulation of private employment agencies within the state. In the regulation of the activities and conduct of such agencies, La.R.S. 23:1180 provides in pertinent part:
[9] An employment agency shall not engage in any of the following activities or conduct:
[10] . . . . .
[11] Direct an applicant to an employer for the purpose of obtaining employment without having first obtained a bona fide order therefor; however, a qualified applicant may be direct to an employer who has previously requested that he regularly be accorded interviews with applicants of certain qualifications. Likewise an *West Page 1287 
employment agency may attempt to sell the services of an applicant to an employer from whom no order has been received as long as this fact is told to the applicant before he is directed to the employer. (Emphasis added.)
[12] This provision is cast in the imperative form and exhibits a negative command in that it forbids an employment agency to direct an applicant to an employer for the purpose of obtaining employment absent a bona fide order therefor, a request by an employer that he regularly be accorded interviews with applicants of certain qualifications, or disclosure to the applicant that the agency is attempting to sell his services to an employer from whom no bona fide order has been received. Therefore, the statute is a prohibitory law and, pursuant to La. Civil Code art. 12, whatever is done in contravention thereof is void.
[13] In the present case, the record clearly establishes that plaintiff directed defendant to Dow Chemical Company for the purpose of obtaining employment without having first obtained a bona fide order from the company. Nor had the company requested that it regularly be accorded interviews with applicants of defendant's qualifications. Indeed, the contrary is suggested by the record in that the hiring policy of Dow was not to deal with employment agencies. Nor do we find that plaintiff disclosed to defendant before he was directed to Dow Chemical Company that the agency was attempting to sell his services to the company from whom no order had been received. Hence, plaintiff's conduct in procuring defendant's employment with Dow Chemical Company was in contravention of La.R.S. 23:1180(6), a prohibitory law, and, therefore, under La. Civil Code art. 12, was void and of no effect. Accordingly, plaintiff may not recover from defendant a fee for services rendered in obtaining the employment for him.
[14] We are further fortified in this conclusion by the fact that the Louisiana Private Employment Agency Law affords not only administrative sanctions for a violation of the act but also a private remedy to redress damages sustained by anyone injured by an employment agency or its employees while acting within the scope of their employment by reason of a violation of the act. La.R.S. 23:108 and 113. Any licensee under the act is required to file with the commissioner of labor a bond for each licensed office with security approved by the commissioner in the sum of five thousand dollars. La.R.S. 23:108. A condition of the bond is "[t]hat anyone injured by the licensee, or by his agents or employees while acting within the scope of their employment, by reason of a misstatement, misrepresentation, fraud, or deceit, or by reason of any other unlawful act or omission, or by reasonof any other violation of the provisions of this part, made or committed in connection with the prosecution of the business licensed hereunder, shall have the right to sue on the said bond for damages in any court of competent jurisdiction." La.R.S.23:108(5). (Emphasis added.) It would appear anomalous to permit an applicant who has been injured by reason of an employment agency's violation of the Louisiana Private Employment Agency Law to maintain an action on the bond for damages and yet to deny to an applicant the right to assert an agency's violation of the act by way of defense to a suit brought by the agency for recovery of its fee.
[15] In sum, we conclude that, where an employment agency engages in activities and conduct in contravention of the express prohibition set forth in La.R.S. 23:1180(6) in obtaining obtaining employment for an applicant, the agency is not entitled to recover a fee for services rendered. Hence, the court of appeal erred in permitting plaintiff to recover from defendant a fee for services rendered in procuring employment for defendant.
[16] DECREE
[17] For the reasons assigned, the judgment of the court of appeal is reversed. Judgment *West Page 1288 
is rendered in favor of defendant, Dean R. Smith, dismissing plaintiff's suit; all costs of these proceedings are assessed against plaintiff, Badon's Employment, Inc.
[1] 353 So.2d 320 (La.App. 1st Cir. 1977).
[2] 354 So.2d 1386 (La. 1978).