KNOLL, Judge.
This appeal concerns the issue of prescription. W.R. Cason appeals the dismissal of his reconventional demand against Ernest G. Dugas for the rescission of a stock sale between them on the basis of fraud, and sought damages from Dugas for his misrepresentation or suppression of the true value of the stock.
On June 3, 1982, Dugas sold Cason 24 shares of A.S.C. Drilling Fluids, Inc. stock. Pursuant to a written agreement of sale, Cason allegedly paid Dugas $32,000 as a down payment and signed a promissory note for $112,000 which was payable in 96 equal installments of $2,019.27 beginning August 3, 1982.
On April 14, 1986, Dugas sued Cason alleging: 1) non-payment by Cason of $13,-000 of the down payment on the purchase price of the stock; and 2) failure to pay any of the installment payments provided in the promissory note.
Cason filed a general denial answer and reconventional demand against Dugas alleging misrepresentation or suppression of the true value of the stock and requested: 1) rescission of the contract on the basis of fraud; 2) reimbursement of all payments Cason made on the purchase price as well as interest and attorney’s fees; and 3) $300,000 damages Cason sustained as a result of Dugas’ alleged fraud and misrepresentation. The issue presented is whether the reconventional demand was a delictual action or an action to rescind a conventional obligation.
The trial court ruled that Cason’s recon-ventional demand was a delictual action, therefore, it prescribed in one year since the claim was not asserted within one year of the stock sale; however, it subsequently allowed him to amend his answer to plead fraud and misrepresentation as affirmative defenses. When Cason amended his answer to plead the affirmative defenses, he also included a demand for damages. Du-gas, supported by the trial court’s previous ruling that the reconventional demand prescribed, filed a motion to strike the alleged damage claim in the amended answer. The trial court granted Dugas’ motion to strike, ordering the deletion of those portions of the amended answer which sought damages. Cason separately appealed the judgments which granted Dugas’ peremptory exception and the motion to strike, the latter appeal bearing Docket Number 87-1080 for which we render a separate decree.
Because of its connexity with the judgment dismissing Cason’s reconventional demand on the peremptory exception of prescription, we maintained Cason’s right to appeal the judgment on the motion to strike, an interlocutory judgment, and on the basis of judicial economy, consolidated them for review.
Cason appeals urging that the trial court erred as a matter of law: 1) in granting Dugas’ exception of one year liberative prescription; 2) in ruling that he could not assert a reconventional demand based on fraud or misrepresentation; and 3) in strik *1250 ing Cason’s request for damages in an amended answer which asserted affirmative defenses of fraud and misrepresentation. Finding that Cason’s reconventional demand was an action to rescind a conventional obligation, we reverse and remand.
PRESCRIPTION
Cason contends that the trial court erred in finding that his reconventional demand which sought rescission of the stock sale because of fraud and damages was a delic-tual action governed by the prescriptive period of one year. We agree.
From the outset we note that the written contract at issue was confected in 1982, well before the effective date of the revised obligations articles. Where the revised articles do not alter the substance of the articles in effect in 1982, when the parties contracted, we will refer to the revised articles. If a codal article number is followed by a particular date, the reference is to the civil code in force as of that date.
The issue of Dugas’ alleged fraud in the sale of the colórate stock is the essence of Cason’s reconventional demand. A party’s consent to a contract may be vitiated by error, fraud, or duress. LSA-C.C. Art. 1948. The party against whom rescission is granted because of fraud is liable for damages. LSA-C.C. Art. 1847(9) (1870).
Cason’s claim for damages in the case sub judice is inextricable from his demand for rescission because without the judicial rescission of the contract Cason may not be awarded damages. Therefore, it is clear that Cason’s claim in reconvention for rescission of the contract and damages arises ex contractu.
LSA-C.C. Art. 2221 (1870), as amended by Acts 1980, No. 308, provides in pertinent part:
“In all cases, in which the action of nullity or of rescission of an agreement, is not limited to a shorter period by [a] particular law, that action ^may be brought within ten years.”
We find that the applicable prescriptive period for Cason’s reconventional demand against Dugas for rescission and damages is ten years. In accord: Succession of Davis, 463 So.2d 723 (La.App. 4th Cir.1985). Because ten years had not elapsed since the date of the agreement between Dugas and Cason, the trial court erred in its dismissal of Cason’s reconventional demand on the basis that it had prescribed.[1]
Having determined that Cason’s claim against Dugas arises ex contractu, we reverse and set aside the judgment to strike the request for damages in Cason’s recon-ventional demand.
For the foregoing reasons, we reverse the ruling of the trial court, overrule Du-gas’ exception of prescription, and remand this matter to the trial court for further proceedings consistent with the views expressed herein. Costs of this appeal are assessed to Dugas.
REVERSED AND REMANDED.

. The 1984 amendments now provide for prescription in LSA-C.C. Art. 2032:
"Action for annulment of an absolutely null contract does not prescribe.
Action of annulment of a relatively null contract must be brought within five years from the time the ground for nullity either ceased, as in the case of incapacity or duress, or was discovered, as in the case of error or fraud. Nullity may be raised at any time as a defense against an action on the contract, even after the action for annulment has prescribed."
Even under the shortened prescriptive period for actions for the annulment of relatively null contracts, Cason's reconventional demand would not have prescribed.