SAVOIE, Judge.
This case involves the issue of prescription. Plaintiff, Alvin H. Albritton, filed suit on January 12, 1988, seeking to annul a document he executed on September 21, 1972, which purported to extend a spendthrift trust as to which Albritton was an income beneficiary throughout Albritton’s lifetime. Named as defendants in the suit were the trustees of the trust, A. Stirling Albritton and Hallie Box, and William Louis Albritton, the trustee who preceded Ms. Box. The defendants filed an exception of prescription. The trial judge sustained the exception as to the suit except as to those claims brought pursuant to the plaintiff’s rule to remove the trustees.
FACTS
Alvin R. Albritton, the plaintiff’s grandfather, died on December 23, 1957. He bequeathed to his four grandchildren, including the plaintiff, the naked ownership of an undivided one-fourth interest of his residuary estate. This interest was placed in an irrevocable testamentary spendthrift trust with the plaintiff’s father, A. Stirling Albritton, and uncle, William Louis Albrit-ton, named as trustees; the plaintiff’s father and uncle also received a lifetime usu-fruct over the property given to the grandchildren. The trust was to terminate in two stages: half of the corpus was to be distributed to the plaintiff and the other grandchildren on their twenty-first birthdays, and the other half on their twenty-sixth birthdays. The plaintiff turned twenty-one on January 23, 1973, and twenty-six on January 23, 1978.
On September 21, 1972, the plaintiff, appearing as settlor, executed a document whereby the term of the trust was extended for his lifetime. The document states: “Settlor does hereby, and acting as Settlor, extend the term of the Trust described above insofar as Settlor is beneficiary thereunder to provide that the term is for the lifetime of the Settlor.” The document also provides that
If it should be determined that the Trust described above cannot be extended in this manner, then Settlor declares that Settlor’s interest in the Trust described above shall be held and is hereby placed irrevocably in trust and shall be managed and invested and reinvested and held with and distributed in exactly the same manner as set forth in the Trust described above, but for Settlor’s lifetime, by the same Trustees and successors as provided therein, and, in that event, Settlor incorporates the trust agreement described above into this act by reference as a new trust.
The document was signed by the plaintiff and the trustees, and witnessed by two other persons and a notary public.
The plaintiff filed suit against the trustees alleging that he signed the trust extension based on the representations that all the grandchildren would execute lifetime extensions and that if the document were not signed, the Albritton properties would have to be partitioned, particularly a tract known as Stoney Point. The plaintiff also alleged that he signed the extension without advice of counsel and that he never received a copy of the document. The plaintiff alleged that after 1986, when differences arose between him and his father over Stoney Point, he undertook to determine his legal rights based on the trust extension; he then found out that two of the Albritton grandchildren did not sign lifetime trust extensions.
*360 The plaintiff prayed for a declaratory judgment that the trust extension is absolutely null, or alternatively, that any trust created by the extension be terminated and annulled under LSA-R.S. 9:2026 or under the doctrine of error. The defendants filed a peremptory exception raising the exception of prescription.
TRIAL JUDGE’S REASONS FOR JUDGMENT
Following a hearing, the trial judge sustained the prescription exception and issued oral reasons for judgment. The trial judge found that although “it seems like a harsh thing”, the trustees thought it was in the plaintiffs best interest to extend the trust for his lifetime. The judge also stated that the plaintiff thought that the trust extension only pertained to the Stoney Point property. The judge noted that the attorney who prepared the trust extension was retained by the trustees and was not directly representing the plaintiff; however, the judge noted that the attorney gave the plaintiff the opportunity to go over the pertinent paragraphs in the document and reminded him of the earlier termination dates and made it clear that “it was for life.” The judge found that the details of the properties involved were not discussed when the trust extension was signed.
The judge then stated that he must decide whether the trust extension was a relative nullity or an absolute nullity. The judge determined that the extension did not rise to the level of an absolute nullity as defined under LSA-C.C. art. 2030, although it may have violated some of the provisions of the trust code, but it was a relative nullity because “giving Alvin the benefit, you might say, looking at it in his best light, and the only thing we have on that is his expression concerning Stoney Point that it was his idea that Stoney Point was the only property involved.” He then found that the plaintiff learned, at least, if not sooner, in 1980, that more property than Stoney Point was involved. The judge further noted that no one really concealed anything from the plaintiff and that all the information was public record. The judge found that the five year prescriptive period applicable to relative nullities as set forth in LSA-C.C. art. 2032 should be used, and that prescription ran before the plaintiff filed suit. The judge also found that the doctrine of contra non valentum was not applicable because there were no overt acts by other parties.
The plaintiff then filed a motion for new trial as to the prescription exception and attempted to file an amended petition. In his reasons for judgment in denying the plaintiff’s motion for new trial and in not allowing the plaintiff to file an amended petition, the trial judge rejected the plaintiff’s argument that his petition set forth causes of action under LSA-R.S. 9:2026 and the declaratory judgment act, LSA-C.C.P. arts. 1871-1883, which were impre-scriptible. The judge also stated that:
[T]he issue of prescription as to plaintiff’s cause of action under LA.R.S. 9:2026 is subsumed within its original decision on the exception. Furthermore, the court is of the opinion that a cause of action under LA.R.S. 9:2026 is subject to the ten year prescriptive period for personal actions, CCA 3499, which period would have commenced on the date the instrument was signed.
The trial judge also found that because the plaintiff was asking the court to declare the trust extension null and void, the plaintiff’s action was in contract, and was not a declaratory judgment action. The trial judge restated his finding that the trust extension was a relative nullity and not an absolute nullity. The judge also reiterated his finding that contra non valentum was not applicable. The judge finally stated that the plaintiff was not entitled to the opportunity to amend his petition.
ASSIGNMENTS OF ERROR
The plaintiff urges two assignments of error:
1. The trial court erred in granting the defendant trustees’ peremptory exception of prescription and in dismissing the plaintiff’s lawsuit.
*361 2. The trial court erred in refusing to allow the plaintiff to file a proposed amending petition.[1]
DEFENDANTS’ EXCEPTION OF PRESCRIPTION
The plaintiff argues that the trial court erred in failing to find that the trust extension was absolutely null under LSA-C.C. art. 2030. LSA-C.C. art. 2030 reads as follows, “A contract is absolutely null when it violates a rule of public order, as when the object of a contract is illicit or immoral. A contract that is absolutely null may not be confirmed.” The plaintiff cites Badon’s Employment, Inc. v. Smith, 359 So.2d 1284 (La.1978) in support of his contention.[2]
We agree with both the plaintiffs contentions and the trial court’s findings that provisions of the trust extension violate the trust code. The plaintiff could not extend the term of his grandfather’s trust. LSA-R.S. 9:2021, 9:2022.[3] The plaintiff also could not create a new spendthrift trust prior to the time he received the naked ownership of his interest in his grandfather’s trust; by putting his interest as an income beneficiary in a spendthrift trust into another trust, he was transferring that interest in violation of the spendthrift provisions of his grandfather’s trust and the trust code. LSA-R.S. 9:1725(7), 9:1731, 9:1771, 9:1781, 9:2001, 9:2002, 9:2007.[4] We note that this violation of the spendthrift provisions was done at the direction of the trustees, who were bound to uphold the terms of the trust and who had a fiduciary duty towards the beneficiary.[5] *362 Furthermore, if the trustees’ intent was to protect the plaintiff’s interests from creditors, this purpose was not achieved because according to LSA-R.S. 9:2004(2), “A creditor may seize ... (2) A beneficiary’s interest in income and principal, to the extent that the beneficiary is a settlor of the trust.”
According to our jurisprudence, a court will not declare a contract void as against public policy, and therefore, absolutely null, in the absence of an express legislative or constitutional prohibition or clear showing that the purpose of the contract contravenes good morals or public interest. Meinerz v. Treybig, 245 So.2d 557, 559 (La.App. 3d Cir.), writ refused, 258 La. 580, 247 So.2d 395 (1971). Furthermore, a contract must violate a rule of public order to be an absolute nullity; a rule of public order is one which an individual is expressly or impliedly prohibited from renouncing because it was enacted for the protection of the public interest. First Guaranty Bank, Hammond, Louisiana v. Baton Rouge Petroleum Center, Inc., 529 So.2d 834, 842 (La.1987) (on rehearing). In contrast, a contract is relatively null when “it violates a rule intended for the protection of private parties....” LSA-C.C. art. 2031.
We agree with the trial judge’s finding that the trust code sets forth rules intended for the protection of private parties and therefore, no rule of public order was involved when the provisions of the trust code were violated in this case. We cannot agree with the thrust of the plaintiff’s contention which is akin to asserting that any time the Obligations section of the Civil Code is violated, an absolute nullity between the parties is created. Therefore, we agree with the trial judge’s finding that the trust extension gives rise to a relative nullity. See Marshall v. Wells, 381 So.2d 551 (La.App.2d Cir.1980).[6]
The trial judge correctly applied the five year prescriptive period applicable to relatively null contracts as set out in LSA-C.C. art. 2032, which reads in pertinent part as follows: “Action of annulment of a relatively null contract must be brought within five years from the time the ground for nullity either ceased, as in the case of incapacity or duress, or was discovered, as in the case of error or fraud.” Prescription begins to run from the time the ground for nullity ceases or from the time a plaintiff is aware or should have been aware of the “errors.” See New Hotel Monteleone, Inc. v. First National Bank of Commerce, 423 So.2d 1305 (La.App. 4th Cir.1982); Reed v. Thomas, 355 So.2d 277 (La.App.2d Cir.1978). The plaintiff was aware that property other than Stoney Point was covered by the trust extension in 1980. The plaintiff was also aware when he executed the extension in 1972 that he was the settlor and that he was placing his interest in his grandfather’s trust in trust for his lifetime. The ground for nullity — that the plaintiff was transferring his interest in a spendthrift trust in violation of the trust code — ceased to exist as to half of the plaintiff’s interest in 1973, and as to the other half in 1978. Therefore, the plaintiff’s action to annul the extension is prescribed on both the basis that the plaintiff assumed that the extension only covered Stoney Point and the basis that the extension violated provisions of the trust code.
*363 The plaintiff contends that his petition sets forth several causes of action: a declaratory judgment action, an action for breach of trust and fiduciary duties by the trustees, an action to terminate the trust under LSA-R.S. 9:2026, an action for removal of the trustees, a petitory action to recover in naked ownership the property presently in trust, and an action to annul the trust. The plaintiff cites the well-recognized rule that liberal rules of pleading prevail in Louisiana and that each pleading shall be construed to do substantial justice. The plaintiff contends that even if the trial judge was correct in finding his action to annul the trust extension was prescribed, that his other causes of action set forth in his petition are not prescribed and are still viable.
We first note that the trial judge maintained the plaintiff’s action to remove the trustees. As to the remainder of the causes of action the plaintiff contends that his petition contains, we agree with the trial judge that the plaintiff through his petition seeks to have the trust extension declared null and void. The other causes of action which the plaintiff claims his petition contains all depend on a finding, that the trust extension is null, an issue which is prescribed.
The plaintiff contends that under the facts alleged in his petition he also sought a declaratory judgment as to the status and validity of the trust extension, the status of the property under the trust extension, and his right to the naked ownership of his legacy from his grandfather. He contends that his declaratory judgment action is not prescribed. We disagree with the plaintiff’s contention, and agree with the trial judge, who stated, “[T]he argument is one of semantics. The petition asks the court to declare the agreement null and void. The use of the term ‘to declare’ does not in and of itself convert the action to one for declaratory relief under the declaratory judgment act. The relief sought by the plaintiff was to have the agreement declared null and rescinded.”
The plaintiff also contends that he has set forth facts to support an action to have the inheritance bequeathed to him by his grandfather declared to be his in full naked ownership, subject to the usufruct of his father and uncle, but free of any trust. He contends that this action is governed by the thirty year prescription for recognition of rights of inheritance set forth under LSA-C.C. art. 3502;[7] he contends that this prescription began to run on his eighteenth birthday on January 23, 1970. The plaintiff in this case is not seeking to have recognized a right of inheritance to his grandfather’s estate; .rather, he is attempting to invalidate a contract which he executed as a settlor on September 21, 1972.
The plaintiff further argues that he has asserted a petitory action because he is trying to recover immovable property in the trust; he argues that this action is imprescriptible. Any alleged title the plaintiff would hold to the property as naked owner relies on the invalidity of the trust extension. See Boyle v. West, 107 La. 347, 31 So. 794 (1902). Because the threshold issue is the plaintiff’s attack on the trust extension, which is prescribed, the plaintiff’s petition cannot be maintained.
The plaintiff contends that he has set forth facts to support an action against the trustees for breach of the fiduciary duty and that this action has not prescribed. The plaintiff cites LSA-R.S. 9:2234, which provides that an action by a beneficiary against a trustee is prescribed by one year beginning from the day the trustee renders his final accounting to the beneficiary. The plaintiff contends that no final accounting has been filed by the trustees. Since the plaintiff’s claim as to the trustees’ breach of their fiduciary duty is based on their involvement with the trust extension, then this claim is prescribed. The plaintiff was involved in the execution of the 1972 document and was fully aware *364 that the document effected a transfer of his spendthrift interest into a lifetime trust in 1980. Clearly the one year prescriptive period is not applicable to this fact situation which is distinguishable from a situation where a beneficiary learns of a breach of trust through a final accounting. See LSA-R.S. 9:2201.[8] Again, the plaintiff is trying to classify his action as something other than an action to annul the 1972 document. However, assuming the plaintiff has stated a cause of action alleging the trustees’ breach of fiduciary duty, we find the prescriptive period should run from 1980 when he became aware that the document affected properties other than Stoney Point.
The plaintiff also contends that he has set forth facts to support a cause of action under LSA-R.S. 9:2026, which reads, “The proper court may order the termination or modification of a trust, in whole or in part, if, owing to circumstances not known to a settlor, and not anticipated by him, the continuance of the trust unchanged would defeat or substantially impair the purposes of the trust.”
The settlor of the trust extension was the plaintiff, and not his grandfather Albritton as the plaintiff claims. As the plaintiff was the settlor of the trust extension, the change of circumstances test under LSA-R.S. .9:2026 must involve circumstances not known to and not anticipated by him. Any change in circumstances not known or anticipated by the plaintiff is the same as the factual basis for the plaintiff’s action to annul the trust extension. For this reason, we find, as did the trial court, that the plaintiff’s action to annul the trust extension based on LSA-R.S. 9:2026 is prescribed.[9]
If a trustee commits a breach of trust he shall be chargeable with:
(1) A loss or depreciation in value of the trust estate resulting from a breach of trust; or
(2) A profit made by him through breach of trust; or
(3) A profit that would have accrued to the trust estate if there had been no breach of trust.
The plaintiff contends in the alternative that the trial court erred in failing to apply the doctrine of contra non valentum. The plaintiff cites the case of Plaquemines Parish Commission Council v. Delta Development Co., Inc., 502 So.2d 1034 (La.1987). The trial judge in his reasons for judgment distinguished the Plaquemines case, stating “In that case, the evidence clearly showed affirmative acts of concealment, misrepresentation and misuse of public office by the individual defendants which prevented the plaintiff from asserting its claims. There was no such showing at the trial of the exception....” We have thoroughly reviewed the evidence introduced and testimony taken at the prescription hearing, and guided by the precepts of Rosell v. ESCO, 549 So.2d 840 (La.1989), we cannot say that the trial judge was clearly wrong or manifestly erroneous. In particular, the plaintiff went to his uncle’s office in 1980 to find out some information about property and at that time was shown all the documents involved as well as given information about the property the trust and trust extension covered. No secret agreements or clandestine attempts to keep information from the plaintiff occurred. For these reasons, the plaintiff’s assignment of error has no merit.
FAILURE TO ALLOW THE PLAINTIFF TO AMEND HIS PETITION
The plaintiff contends that the trial judge erred in failing to allow him to amend his petition. According to LSA-C.C.P. art. 934, “When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so re *365 moved, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.”
After reviewing the proposed amended petition filed in connection with plaintiffs motion for new trial, we find that plaintiff failed to set forth any allegations which would establish, if proven, that his claims have not prescribed. Accordingly, the trial court was correct in denying the plaintiff the opportunity to amend his petition.
For these reasons, the judgment of the district court is affirmed. The plaintiff is to pay all costs of the appeal.
AFFIRMED.

. We initially note that except as to contra non valentum, the plaintiff does not contest the factual findings of the trial court, but only the trial court’s legal conclusions.

. In Badon’s Employment v. Smith, 359 So.2d 1284 (La.1978), the court found that an employment agency violated the prohibitory provisions of the private employment agency law. The employment agency sent its client, Smith, to a prospective employer without having first obtained an order from the prospective employer and where the prospective employer had not requested that it regularly be accorded interviews with applicants with particular qualifications. The employment agency did not disclose to the applicant this information. When the agency sued Smith seeking a fee for services rendered in obtaining employment with this particular employer, the court found that its actions directly violated the Louisiana Private Employment Agency Law, and that it could not recover.
We note that unlike the provisions in the case at bar, the provisions involved in Badon expressly prohibited the employment agency’s conduct, and also involved matters of public order. Thus, we find Badon’s distinguishable from this case.

. LSA-R.S. 9:2021 reads as follows:
The settlor may modify the terms of the trust after its creation only to the extent he expressly reserves the right to do so.
LSA-R.S. 9:2022 reads as follows:
Reservation of the right to revoke includes the right to modify the trust.

. LSA-R.S. 9:1725(7) reads as follows:
(7) ‘Spendthrift trust,’ when used without other qualifying words, means a trust under which alienation by a beneficiary of an interest in income or principal is restricted to the full extent permitted by this Code.
LSA-R.S. 9:1731 reads as follows:
A trust, as the term is used in this Code, is the relationship resulting from the transfer of title to property to a person to be administered by him as a fiduciary for the benefit of another.
LSA-R.S. 9:1771 reads as follows:
Property susceptible of private ownership, and any interest in such property may be transferred in trust.
LSA-R.S. 9:1781 reads as follows:
A trustee is a person to whom title to the trust property is transferred to be administered by him as a fiduciary.
LSA-R.S. 9:2001 reads as follows:
A beneficiary may transfer or encumber the whole or any part of his interest unless the trust instrument provides to the contrary.
LSA-R.S. 9:2002 reads as follows:
The trust instrument may provide that the interest of a beneficiary shall not be subject to voluntary or involuntary alienation by a beneficiary. A restraint upon voluntary alienation by a beneficiary is valid. But a restraint upon involuntary alienation by a beneficiary is subject to the limitations prescribed by this sub-part.
LSA-R.S. 9:2007 reads as follows:
A declaration in a trust instrument that the interest of a beneficiary shall be held subject to a 'spendthrift trust’ is sufficient to restrain alienation by a beneficiary of the interest to the maximum extent permitted by this Sub-part. (All emphasis ours).

.LSA-R.S. 9:2081 reads as follows:
A violation by a trustee of a duty he owes to a beneficiary as trustee is a breach of trust.
LSA-R.S. 9:2082 reads as follows:
*362 A trustee shall administer the trust solely in the interest of the beneficiary.

. In Marshall v. Wells, 381 So.2d 551 (La.App.2d Cir.1980), the plaintiff filed suit against his former attorney seeking to annul and rescind a contingency fee contract and to rescind deeds given to the attorney pursuant to the employment contract. The trial judge sustained the defendant attorney’s exception of prescription, and the appellate court affirmed. The court applied the five year prescriptive period which was then set forth under LSA-C.C. art. 3542, rejecting the plaintiffs contention that the contract was absolutely null and thus imprescrip-tible. The court stated that the allegations of the plaintiff’s petition seeking to annul the contract would perhaps set forth grounds for an action in relative nullity. These allegations were that the contract "was unreasonable, constituted excessive consideration for services actually performed, was overreaching, was executed by plaintiff in error, was contracted in bad faith by defendant, was an unjust enrichment, and was unethical in violation of the Code of Professional Responsibility.”

. LSA-C.C. art 3502 provides, in part, as follows:
An action for the recognition of a right of inheritance and recovery of the whole or a part of a succession is subject to a liberative prescription of thirty years.

. LSA-R.S. 9:2201 states:

. We agree with the trial judge’s statement that an action under LSA-R.S. 9:2026 is subject to a ten year prescriptive period beginning on the date the trust extension was signed because no facts sufficient to establish a change in circumstances on a later date have been alleged.