CAJUN ELECTRIC POWER
COOPERATIVE, INC.

v.

GULF STATES UTILITIES COMPANY.

Civ. A. No. 89-474-B.

United States District Court,
M.D. Louisiana.

April 6, 1994.

Allen F. Campbell, David L. Campbell, William Lee Kohler, Joseph L. McReynolds, William W. Messersmith, III, Victor E. Stilwell, Jr., George Alexander Weller, Deutsch, Kerrigan & Stiles, New Orleans, LA, John Schwab, Schwab & Walter, Baton Rouge, LA, F. Victor Hastings, John William Hite, III, Curtis R. Boisfontaine, Sessions, Fishman, Rosenson, Boisfontaine, Nathan & Winn, New Orleans, LA, John M. Sharp, Schwab & Walter, Baton Rouge, LA, Robert E. Barkley, Jr., Barkley & Thompson, Michael Maurice Meunier, Sessions & Fishman, New Orleans, LA, Rise J. Peters, Cynthia S. Bogorad, Margaret McGoldrick, Spiegal & McDiarmid, Washington, DC, Dennis J. Connolly, William S. Mayfield, Jennifer Brown Moore, Ronald L. Reid, Alston & Bird, Atlanta, GA, Francis R. White, III, New Orleans, LA, for plaintiff.

Francis M. Coates, Jr., James Leeper Ellis, Mary Lenore Feeney, Edwin W. Fleshman, E. Scott Hackenberg, Deborah E. Lamb, Kathleen Campbell Mason, Tom Fore Phillips, John H. Runnels, Fredrick R. Tulley, Taylor, Porter, Brooks & Phillips, Baton Rouge, LA, Finis E. Cowan, J. Gregory Copeland, Baker & Botts, Houston, TX, Mark R. Robeck, Baker & Botts, Austin, TX, for defendant.

## RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

POLOZOLA, District Judge.

This matter is before the Court on the motion of Gulf States Utilities (GSU) for summary judgment. In its motion for summary judgment, GSU contends that: (1) Cajun Electric Power Cooperative, Inc.'s (Cajun) suit to annul the River Bend Joint Ownership Participation and Operating Agreement (JOA) is subject to a five year prescriptive period; (2) the five year prescriptive period commenced when Cajun became aware or should have become aware of the alleged fraud or error which vitiated its consent; and (3) Cajun was aware or should have been aware of the alleged fraud or error of GSU in 1981.

In response to GSU's motion, Cajun argues: (1) a ten year prescriptive period ap-

plies to Cajun's fraud and error claims; (2) even if a five year prescriptive period is applicable, prescription was interrupted by a "standstill agreement" between the parties; and, (3) GSU's motion for summary judgment is based on inadmissible hearsay.

For reasons which follow, the Court finds as a matter of law that the applicable period of prescription in this case is five years as set forth by article 2032 of the Louisiana Civil Code. The Court further finds as a matter of law that this five year period begins to run from the time the plaintiff was aware or should have been aware of the ground for nullity.[1] Thus, the Court grants a partial summary judgment to the extent that the Court finds that (1) the applicable prescriptive period on the nullity claim is five years under Louisiana law; and, (2) the five year period begins to run from the time the plaintiff was aware or should have been aware of the ground for nullity. In all other respects, the defendant's motion for summary judgment is denied because the Court finds there are material issues of fact in dispute which preclude the Court from granting a summary judgment at this time.[2]

## I. What is the prescriptive period to be applied in this case?

Since the Court's subject matter jurisdiction is based on diversity jurisdiction under 28 U.S.C. § 1332, the Court must apply Louisiana law to determine the rights and liabilities of the parties in this case. Article 2032 of the Louisiana Civil Code provides a five year prescriptive period for a nullity action. In a nullity action based on fraud or error, this five year period begins to run from the time the plaintiff is aware or should have been aware of the ground for the nullity.[3] GSU contends in its motion for summary judgment that Cajun was aware or should have been aware of GSU's alleged fraud or error in 1981. Therefore, GSU argues that Cajun's cause of action prescribed in 1986, some three years before Cajun filed this suit.

■ Article 2032 of the Louisiana Civil code was amended by Act No. 331 of the 1984 Legislative session. Thus, the first issue which the Court must determine is whether the amendment to article 2032 should be applied retroactively in this case. If the amendment is not applied retroactively, the Court must apply the ten year prescriptive period previously set forth in the Civil Code.[4] After reviewing the statutory language of the 1984 amendment and decisions rendered by the Louisiana courts, including the Louisiana Supreme Court, the Court finds the five year prescriptive period of article 2032 should be applied retroactively in this case.

■ In *Daigle v. CLEMCO Industries*,[5] the Supreme Court of Louisiana applied article 2032 retroactively, and concluded the plaintiff's action was prescribed because it was not brought within five years after the plaintiff attained majority status. The Louisiana Supreme Court's decision in *Daigle* resolved a conflict among Louisiana courts of appeal as to whether article 2032 should be

1. While the Court is using the term nullity in this opinion, in the pretrial order and in other papers, the Court and the parties have referred to the claim pending as a suit for rescission of the JOA agreement entered into between the parties. Thus, when using the term nullity, the court is referring to the rescission claim.

2. The court encourages the parties to consider presenting all of the evidence regarding prescription at the beginning of the case to the extent possible. Either party may then move for a judgement on partial findings under Rule 52(c) of the Federal Rules of Civil Procedure on this issue. As Rule 52(c) notes, it is not necessary for either party to wait until plaintiff's entire case has been presented to move for such relief. After all of the evidence has been heard on the prescription issue, either party may move for a judgment on partial finding.

3. La.Civ.Code art. 2032 (1994); *Albritton v. Albritton*, 591 So.2d 357, 362 (La.App. 1st Cir. 1991), *rev'd on other grounds*, 600 So.2d 1328 (1992).

4. La.Civ.Code art. 2221 (1870), as amended by Act 1980, No. 308, provided in pertinent part:
   "In all cases in which the action of nullity or of rescission of an agreement ... is not limited to a shorter period by a particular law, that action may be brought within ten years."

5. 613 So.2d 619 (La.1993).

given retroactive application.[6]

Plaintiff's counsel argues vigorously that article 2032 should be applied prospectively only. However, in a diversity action brought pursuant to 28 U.S.C. § 1332, this Court is bound by the law of the State of Louisiana as determined by the Louisiana Supreme Court.[7] Therefore, the Court finds that Civil Code article 2032, which establishes a five year prescriptive period, shall be applied retroactively to the facts of this case.

## II. Are there material issues of fact in dispute?

GSU further contends the five year prescriptive period began to run in 1981 when Cajun became aware or should have become aware of the alleged fraud or error of GSU. While the court agrees that the applicable prescriptive period does begin at the time Cajun became aware or should have become aware of the cause of the nullity of the JOA agreement in this case, the Court finds material issues of fact in dispute which preclude the Court from granting summary judgment at this time.

Therefore:

IT IS ORDERED that GSU's Motion for Summary Judgment is granted to the extent the Court finds that: (1) the applicable prescriptive period on the nullity claim is five years under Article 2032 of the Louisiana Civil Code; and, (2) the applicable prescriptive period begins to run at the time Cajun became aware of or should have become aware of the cause of the nullity of the JOA agreement in this case. In all other respects, the defendant's motion for summary judgment is DENIED.

---

**6.** *See Albritton*, 591 So.2d at 362 (First Circuit held that plaintiff's nullity action was prescribed under art. 2032 when the grounds for nullity ceased to exist in 1973 and 1978); *See also Currie v. Schon*, 704 F.Supp. 698, 701–2 (E.D.La. 1989) (Federal District Court held that plaintiff's suit to annul the sale of several paintings purchased in 1977 and 1978 was prescribed under art. 2032); *But see Dugas v. Cason*, 524 So.2d 1248, 1250 (La.App. 3d Cir.1988) (Third Circuit applied 10 year prescriptive period to action for nullity arising in 1982); *Voitier v. Antique Art Gallery*, 524 So.2d 80, 83 (La.App. 3d Cir.1988), *writ denied*, 531 So.2d 271 (1988) (Third Circuit applied 10 year prescriptive period to plaintiff's nullity action arising from 1982 art sale).

**7.** *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938).