Dear Mr. Dorroh:
You have asked for an Attorney General's opinion concerning the LaSalle Parish Communications District (hereinafter the "District"). You state in your request that the District entered into several non-disclosure agreements with various organizations in order to obtain information needed for the 911 communications emergency service it provides.
The Town Council for the Town of Olla and the chairman of the District have both requested a list of the 911 street addresses which does not include a disclosure of telephone numbers, post office boxes, or identities of persons at those addresses. You ask what impact the nondisclosure agreements have on the release of the information requested.
LSA-R.S. 33:9101 enables the governing authority of any parish to create by ordinance communications districts within the parish. These districts, "shall be political and legal subdivisions of the state. . . ." LSA-R.S. 33:9101(A).
As a political subdivision of the state the District is considered a "public body" under Louisiana's Public Records Act. LSA-R.S. 44:1(1). Under the Act, if a public body receives documents in connection with the transaction of official business, then those documents are generally subject to disclosure unless otherwise provided by law. LSA-R.S. 44:1(2).
We presume that the District contracted for the information at issue in implementing its statutory duty to create a 911 emergency service within LaSalle Parish. Therefore, the information in the custody of the District is generally public record subject to public inspection unless a specific statutory exception exists or a sufficient privacy interest is involved.
No statute specifically exempts this particular information from public disclosure. However, this information may be entitled to protection from disclosure if there is a "reasonable expectation of privacy" in an unlisted telephone number or other information under the Fourth Amendment to the U.S. Constitution.
The requests at issue are limited to a list of 911 street addresses. It does not request any telephone numbers or identities of persons at these addresses. This office has previously stated that, "names, addresses and telephone numbers,unless unlisted, of employees of a political subdivision of the State are part of the public record . . ." (Emphasis added.) Opinion 95-243.
LSA-R.S. 44:11 also addresses the exemption to those public employees' telephone numbers and addresses where that information is unlisted or requested as confidential. The general premise is that one's reasonable expectation of privacy is violated when personally identifiable information that has been requested confidential is disseminated to the public so as to identify that individual.
In our opinion, the dissemination of addresses does not violate any privacy interests. Releasing this information alone does not reveal the identity of any resident. Therefore, whether or not an individual has requested his or her number and/or address as unlisted or confidential, that privacy interest remains unaffected by the limited release of the addresses at issue.
Still, there remains the issue of the confidentiality agreements. Those agreements cite 18 U.S.C. § 2703 as the basis for the consent agreements. Section 2702 of that federal statute prohibits any person or entity providing an electronic communication service to the public from knowingly divulging to any person or entity the contents of a communication while in electronic storage by that service except under certain circumstances. Section 2703 contains one such circumstance and sets forth the requirements for governmental access to the contents of an electronic communication that is in electronic storage in an electronic communications system.
The District is not an entity that provides an electronic communications service to the public or electronically stores wire or electronic communications. Therefore, the 18 U.S.C. § 2701
et seq., does not apply to the District.
If the purpose of a contract contravenes an express legislative or constitutional prohibition or mandate, that contract is considered void and unenforceable as against public policy. Albritton v. Albritton, 591 So.2d 357 (La.App. 1 Cir. 1991). The right to examine public records is both statutorily and constitutionally mandated. See, LSA-R.S. 44:31 and ArticleXII, § 3 of the Louisiana Constitution (1974).
Any agreement entered into that is in contravention of this right is against public policy and void. In our opinion, if the terms of the nondisclosure contracts are interpreted so as to bar the release of public records, those provisions are contrary to Louisiana law and therefore unenforceable.
I trust this addresses your concerns. Please contact this office should you require further assistance.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: Carlos M. Finalet, III
Assistant Attorney General