973 So.2d 159 (2007)
Ricky Lee WHITTEN, et al., Plaintiff-Appellants
v.
Elizabeth Cook MOORMAN, et al., Defendant-Appellees.
No. 42,704-CA.
Court of Appeal of Louisiana, Second Circuit.
December 5, 2007.
*160 The Young Firm, by Timothy J. Young, New Orleans, for Appellants.
D. Scott Brown, Mansfield, for Appellees.
Before WILLIAMS, MOORE and LOLLEY, JJ.
MOORE, J.
The plaintiffs, Ricky Lee Whitten, Richard Whitten Jr. and Kenneth Whitten ("the Whitten children"), appeal a judgment that sustained an exception of prescription and dismissed their claims against the defendants, Elizabeth Cook Moorman, Patsy Ruth Branch, Linda Whitten Edmondson and James Donald Whitten ("the Whitten siblings"). For the reasons expressed, we affirm.

Procedural Background
The case involves the ownership of two tracts of land. T.W. Whitten owned a 24acre tract, and his wife Esther Whitten separately owned a 118-acre tract, in De-Soto Parish. They had five children: the Whitten siblings and Richard Whitten Sr.
According to the petition, T.W. Whitten died in 1972, but there is no evidence that his estate was ever probated. Instead, Richard Sr. executed a cash deed in favor of his mother, Esther Whitten, conveying to her all his interest in his father's property (actually, a short-form description of his DeSoto tract), for $10 "cash in hand paid, receipt of which is hereby acknowledged." By separate act, the Whitten siblings executed an identical cash sale deed in favor of their mother, conveying to her all their interest in their father's property on the same cash terms.
Esther Whitten died in 1985; her will distributed her property to her five children "share and share alike, or their descendants per stirpes." In October 1985, Richard Sr. executed a quitclaim deed in favor of the Whitten siblings conveying all his interest in his mother's estate for a consideration of $10 "and other good and valuable considerations to me in hand paid." This deed described the 118-acre tract. A subsequent judgment of possession conveyed an undivided 1/5 interest to Richard Sr. and each of the Whitten siblings, subject to the quitclaim deed.
Richard Sr. died intestate in 1986, survived by the Whitten children, the plaintiffs herein. According to their petition, they had no inkling that Richard Sr. had any estate to leave them. However, that changed in 2004.
*161 According to a memorandum filed in the district court, in September 2004, Ricky (one of the Whitten children) received a letter from his aunt, Elizabeth (one of the Whitten siblings), together with "a set of pleadings which appear to be the defendants' attempts at probating Richard Sr.'s Louisiana estate." In the Whitten children's view, this "was the first time any of the plaintiffs learned that their father held any interest in any real property in Louisiana." Only then did they discover that between 1988 and 2004, the Whitten siblings had granted oil, gas and mineral leases, as well as timber contracts totaling $45,650, on their two tracts in DeSoto Parish.
The Whitten children filed the instant suit in January 2006, alleging that the Whitten siblings committed fraud and misrepresentations regarding their ownership rights and thereby denied the Whitten children their 1/5 interest in their grandparents' estate. They prayed to be placed in possession of their share of the property and for damages representing their share of the revenues it had generated.
The Whitten siblings responded with the peremptory exception of prescription. They contended that the Whitten children were trying, in essence, to nullify the 1972 cash deed and the 1985 quitclaim, but the action in nullity was subject to prescription of 10 years (under former La. C.C. art. 2221, effective until January 1, 1985) or 5 years (under current La. C.C. art. 2032, effective since then). They also urged the case was virtually identical to Moore v. Shell Oil Co., 228 So.2d 205 (La.App. 3 Cir.1969), writ ref'd, 255 La. 278, 230 So.2d 587 (1970), which interpreted a similar claim as a suit to nullify quitclaim deeds and barred by prescription.
By reply memorandum, the Whitten children conceded they were trying to annul the 1972 cash deed and 1985 quitclaim, but contended these instruments were relative nullities for two reasons. First, they were the result of coercion, as Richard Sr. was incarcerated in Texas when he signed both instruments, "consistently unemployed throughout his life and had no other assets." Second, the fact that the Whitten siblings asked one of the Whitten children to sign off on succession papers indicated that Richard Sr. must have retained some property rights. From these circumstances, the Whitten children argued they were Killed into a course of inaction, thus suspending prescription under the theory of contra non valentem until 2004. By supplemental memorandum, they urged that the 1985 quitclaim was a relative nullity because it was neither an authentic act nor an act under private signature, La. C.C. arts. 1833 and 1837, and that the 1972 cash deed was "irrelevant" to the proceedings.
At a hearing in December 2006, the Whitten siblings offered into evidence certified copies of the 1972 cash deed and the 1985 quitclaim. They conceded that both were relative nullities, but argued that any action to nullify them was prescribed under Art.2032 and its predecessor Art. 2221. The Whitten children argued that prescription was suspended until they got the letter asking them to sign an act of possession in 2004. They also argued that Richard Sr. received no consideration for either of the conveyances. However, they called no witnesses and offered no documentary evidence of their own.
The district court sustained the exception "for the reasons stated in brief." This appeal by the Whitten children followed.

The Parties' Contentions
By one assignment of error, the Whitten children urge the district court erred in finding their claims had prescribed, even though C.C. arts.2032 and 2221 state that *162 prescription does not run in the presence of fraud. They contend they are entitled to de novo review owing to legal error that interdicted the fact-finding process; also, prescriptive statutes must be strictly construed. On the merits, they contend the quitclaim was not in proper form, both instruments were executed under circumstances that strongly suggested coercion, and there was no evidence that Richard Sr. ever received consideration for selling his inheritance rights. They did, not discover these facts, which disclosed fraud, until 2004. Thus they were "lulled into a course of inaction * * * by reason of some concealment or fraudulent conduct on the part of the defendant or because of his failure to perform some legal duty whereby plaintiff has been kept in ignorance of his rights." Carter v. Haygood, XXXX-XXXX (La.1/19/05), 892 So.2d 1261. Finally, they urge the district court should have considered the allegations of fraud on the face of the petition; the Whitten siblings failed to introduce any evidence to counter these. In support, they cite only La. C.C.P. art. 931, "evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." They submit that grounds of fraud plainly appear in the petition.
The Whitten siblings respond that because the action to nullify was prescribed on its face, the burden of proof was on the plaintiffs to show that it had not prescribed. Carter v. Haygood, supra. They urge that the Whitten children offered no evidence whatsoever to show fraud or lack of consideration, and instead relied on the allegations in the petition. They reiterate that the prescriptive period began when the instruments were filed in the conveyance records, not when the plaintiffs first became aware of grounds of nullity. Moore v. Shell Oil Co., supra. Finally, they submit that contra non valentem cannot apply because the Whitten children offered no evidence that they were unable to exercise their cause of action when it arose. Kilpatrick v. Kilpatrick, 625 So.2d 222 (La.App. 2 Cir.1993), writ denied, 93-2655 (La.1/7/94), 631 So.2d, 445.

Discussion
The parties agree that the action is one to annul the 1972 cash deed and 1985 quitclaim. The prescriptive period for this action is fixed by La. C.C. art.2032, which provides in pertinent part:
Action for annulment of an absolutely null contract does not prescribe.
Action of annulment of a relatively null contract must be brought within five years from the time the ground for nullity either ceased, as in the case of incapacity or duress, or was discovered, as in the case of error or fraud.[1]
Claims of fraud and coercion are grounds of relative nullity. Reed v. Thomas, 355 So.2d 277 (La.App. 2 Cir.), writ denied, 357 So.2d 1153 (1978); Currie v. Matson, 33 F.Supp. 454 (W.D.La.1940).
The procedural requirements for pleading and proving prescription were summarized in Carter v. Haygood, supra, as follows:
Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action has not prescribed. *163 If evidence is introduced at the hearing on the peremptory exception of prescription, the district court's findings of fact are reviewed under the manifest error-clearly wrong standard of review. If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.
Carter v. Haygood, supra at 8-9, 892 So.2d at 1267 (internal citations omitted).
The instant suit, filed in, January 2006, was obviously more than five years after the acts it sought to nullifya 1972 cash deed and a 1985 quitclaim. Thus the burden fell to the plaintiffs to show their action had not prescribed. Carter v. Haygood, supra. Notably, at the hearing on the exception, the Whitten siblings filed into evidence certified copies of the cash deed and quitclaim, while the Whitten children offered no evidence. We therefore review the judgment for manifest error.
We understand the Whitten children's argument to be that their father, Richard Sr., was chronically unemployed, had no appreciable assets, and was in prison in Texas when he executed these documents; and that he would not have signed over a valuable inheritance in the absence of coercion, duress or fraud.
While that is a fair hypothesis, we cannot dismiss the equally reasonable one that Richard Sr.'s acts were voluntary and prudent. He may not have wanted an undivided 1/5 interest in his parents' estates to fall into the hands of his creditors, resulting in licitation of a sizable estate. He may have understood that as a long-term prisoner in Texas, he would never enjoy his share of the inheritance. He and his siblings may simply have wanted to avoid the expense of probate. This is a reasonable interpretation of the contested acts. To be sure, the Whitten children offered no evidenceonly argumentthat their father's signature was coerced or obtained by fraud. We find no manifest error.
Moreover, the jurisprudence applies the prescriptive period to bar nullity actions based on precisely these kinds of claims. In Moore v. Shell Oil Co., supra, the plaintiffs sued in 1965 to annul several 1915 quitclaim deeds. Against an exception of prescription, they urged the quitclaim deeds were null for lack of consideration, failure to disclose fraud and illegality in prior transactions, and improper signature by an agent. The court, through Judge Tate, held that the prescriptive period cured these claims:
Thus it may be seen that the lawmakers in their wisdom have deemed it to the interest of society to interpose a statute of repose by fixing a time limit (10 years), after which the parties at interest, by their silence and inaction, are conclusively presumed to have acquiesced in and ratified the act, and to have renounced such right as they may have had to attack it.
Id., 228 So.2d at 209-210; see also Fried v. Bradley, 219 La. 59, 52 So.2d 247 (1951).
In Reed v. Thomas, supra, the plaintiffs sued in 1973 to annul a 1936 deed that conveyed a 160-acre tract in Bienville Parish for $75. They claimed that the grantor had been misled into thinking she was selling only a particular pine tree for that sum, and offered some documentary evidence in support. The district court rendered judgment nullifying the deed, but this court reversed. After finding that the documentary evidence was inadmissible hearsay, we stated:
Even should we agree, however, that the finding of fraud is supported by exceptionally strong and convincing evidence or even a preponderance, the plaintiffs' demands are nonetheless prescribed *164 by C.C. art. 2221. Through astute counsel, plaintiffs deftly contend that because of the assumed fraud, Mrs. Ellis did not know the content of the deed which she signed and under these circumstances, no contract ever existed[.] * * * The 2221 prescription for fraud, according to plaintiffs, applies only to cases where the content of the contract was known by the vendor. We cannot agree.
Id., 355 So.2d at 281 (internal citations omitted).
In short, the courts apply the prescriptive period to bar actions in nullity that are based on fraud and illegality, error, and lack of consideration-precisely the grounds raised by the Whitten children in this case. The five-year prescription of Art.2032 is equally applicable here.
Finally, the Whitten children urge prescription was suspended by the equitable principle of contra non valentem until they "discovered" the fraud in 2004. Specifically, they contend the Whitten siblings "continuously misrepresented the validity of the quitclaim deed which was obtained fraudulently from the plaintiffs' father."
A jurisprudential doctrine in Louisiana, contra non valentem is applied to suspend the running of prescription in four situations:
(1) where there was some, legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiffs action; (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting; (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though this ignorance is not induced by the defendant.
Carter v. Haygood, supra at 11-12, 892 So.2d at 1268, and citations therein.
In London Towne Condo. Ass'n v. London Towne Co., 2006-401 (La.10/17/06), 939 So.2d 1227, the court held that when an obligee seeks to annul an act of the obligor, "the relevant date for prescriptive purposes is the date the obligee knew or should have known of the act, and * * * the date of recordation of the act does not, standing alone, commence the running of prescription." However, when the plaintiff is aware of all the facts surrounding the act, prescription begins to run when it is recorded. Kilpatrick v. Kilpatrick, supra.
The record shows that the cash deed was filed in the public records of DeSoto Parish on August 24, 1972, and the quitclaim filed on October 15, 1985. The Whitten children have not alleged that they were unaware that (1) their father executed these documents, (2) he was in prison when he did so, or (3) he was impoverished at all applicable times. In short, they always had sufficient notice of the facts that would alert them to coercion, duress or fraud, but they took no action until 2004. The only thing that changed in 2004 was that the Whitten siblings apparently tried to remove clouds from the title caused by earlier efforts to avoid probate. Prior to that, the Whitten siblings did nothing effectually to prevent their nephews from pursuing any cause of action. The district court was not plainly wrong in refusing to apply contra non valentem.

Conclusion
For the reasons expressed, the judgment is affirmed. Appellate costs are to be paid by Ricky Lee Whitten, Richard Whitten Jr. and Kenneth Whitten.
AFFIRMED.
NOTES
[1] Prior to amendment by 1984 Acts No. 331, § 1, the substance of this article was designated as La. C.C. art. 2221 and provided a 10-year prescriptive period. The new five-year period has been applied, however, to actions filed after January 1, 1985, the effective date of Act 331. Daigle v. Clemco Indus., 613 So.2d 61-9 (La.1993); Cajun Elec. Power Coop. Inc. v. Gulf States Util. Co., 848 F.Supp. 71 (M.D.La.1994).